IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,769-01






EX PARTE CASPER LEE MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19,509 IN THE 411TH JUDICIAL DISTRICT COURT


FROM POLK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to seventy years' imprisonment. The Fourteenth
Court of Appeals affirmed his conviction. Moore v. State, No. 14-09-00033-CR (Tex. App. -
Houston [14th Dist.], December 29, 2009, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel advised Applicant to consent to trial with only eleven jurors rather than postponing trial,
failed to file a motion to suppress Applicant's recorded confession, allowed the State to mis-characterize Applicant's statement that he "would not fight" the charges, failed to object to
extraneous offense evidence, failed to object to expert testimony as to the truthfulness of the
complainant, and failed to argue that Applicant was not the cause of the evidence of sexual
intercourse obtained from the complainant during a SANE exam. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial record,
including transcripts of all the proceedings. The trial court shall make findings of fact as to whether
the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 14, 2011

Do not publish